## Makhoul v. Goren

*Richard J. Orloski,* for plaintiff.
*Shawn Phillips,* for defendants.

WALLITSCH, *J.,* July 13, 1993—Plaintiff filed this action against the defendants alleging three separate causes of action. Count I alleges that the defendant doctor and his employer breached their fiduciary duty to the plaintiff in disclosing certain medical information to the plaintiff's employer without his authorization. A second claim contained in Count I of the complaint is a claim for fraudulent misrepresentation, alleging that the defendant physician fraudulently misrepresented to the plaintiff certain facts that caused plaintiff to be terminated from his employment. Count II of the complaint alleges professional negligence against the defendant physician.

At a pre-trial conference on December 16, 1992, this court entered an order precluding expert testimony against the defendants on the theory of medical negligence. It was represented by plaintiff's counsel at that time that he was abandoning this cause of action in any event. Defendants have filed a motion for summary judgment contending that plaintiff's other two claims must be dismissed since there are no disputed issues of fact and that defendants are entitled to judgment in their favor as a matter of law.

Plaintiff claims that he suffered a work-related injury in the nature of a lumbar strain on March 24, 1987, while in the course of his employment with Triangle Building Supplies. He further claims that on September 5, 1989, Triangle informed plaintiff that light duty work which had been provided to him was no longer available and

that the plaintiff would have to return to regular work which would include heavy lifting. On that date, plaintiff alleges that he went to see Dr. Goren, his treating physician, to determine if Dr. Goren would release him to perform regular duties at work.

The plaintiff also alleges that, after examining him, Dr. Goren ordered the plaintiff not to return to work until Dr. Goren released him. Plaintiff further claims that, reasonably relying upon Dr. Goren's orders, he did not return to work on September 5, 1989, and that, therefore, Triangle terminated plaintiff's employment. He contends that Dr. Goren breached a "fiduciary duty" to him by telling Triangle that plaintiff *was* able to do regular work as of that date and that he fraudulently misrepresented to the plaintiff that plaintiff could *not* return to regular work as of that date. Plaintiff alleges that, as a result of Dr. Goren's actions in this regard, he was terminated from his employment.

Plaintiff's brief in opposition to defendants' motion for summary judgment contends that plaintiff may maintain a cause of action against his physician based upon a breach of confidentiality by disclosing medical information about the plaintiff to plaintiff's employer. We first note that plaintiff has never pleaded a breach of physician/patient confidentiality in his complaint and therefore we may grant summary judgment on that issue against the plaintiff on the face of the pleadings. However, we also believe that, under the circumstances presented in this case, a claim for breach of the physician/patient privilege does not lie. For both reasons, we grant defendants' motion for summary judgment on this issue.

The Pennsylvania courts have not yet decided the broad issue of whether to recognize a general cause of action

for a physician's breach of confidentiality. See *Moses v. McWilliams*, 379 Pa. Super. 150, 156 n.4, 549 A.2d 950, 953 n.4 (1988). Nor need we deal with that issue here. Instead, we shall, as the *Moses* court did, dispose of this issue based upon the narrow factual context of this case. The question for this court to determine is whether a treating physician's communication to his patient's employer concerning the patient's ability to function in his employment, without having the express authorization of the patient to do so, is actionable as a breach of physician/patient confidentiality. We find that, under the facts of this case, no such action lies.

Plaintiff contends that Dr. Goren breached the physician/patient privilege by informing plaintiff's employer that he was able to do regular work as of September 5, 1989. That is the extent of the alleged breach upon which plaintiff seeks to maintain his cause of action. Although this case does not involve a situation where the plaintiff was suing a third party for injuries sustained, the matter does involve a type of "litigation" in that the plaintiff was receiving workmen's compensation benefits based upon a reduction of wages because of the light duty work which he was performing for his employer. Therefore, plaintiff's medical condition was at issue and the plaintiff should have had a reduced expectation of confidentiality/privacy with regard to his medical condition. The Superior Court in *Moses, supra,* gave substantial weight to the fact that the plaintiff therein had instituted a medical malpractice action against one of the defendants and had thereby placed in issue her medical condition. Mr. Makhoul's physical condition was just as much an issue in the present case as in *Moses,* albeit in a different forum.

We believe that it would adversely affect the public interest, as well as the private interest of employees, if we were to hold that employers and employees' physicians were not able to communicate concerning employees' medical condition, without having signed authorizations relating specifically to that communication. We also do not have the situation that existed in *Horne v. Patton*, 291 Ala. 701, 287 So.2d 824 (1974), where the Alabama Supreme Court recognized a cause of action for breach of confidentiality when the employee specifically told the physician not to release information to his employer. Here, there is no claim that plaintiff instructed his physician not to release information to his employer. Moreover, the plaintiff herein has other remedies if the information provided was fraudulently made as alleged, as will further be addressed in this opinion. For these reasons, we grant the defendants' motion for summary judgment on this issue.

Plaintiff also alleges a fraudulent misrepresentation claim against these defendants, upon which the defendants have requested summary judgment. Defendants allege that the fraudulent misrepresentation claim is barred by res judicata and/or collateral estoppel since the claim of fraudulent misrepresentation was not accepted as true in the workers' compensation proceeding brought by the plaintiff. The findings of fact made by the referee in the workers' compensation case, even if binding upon this court, do not address the issues involved in this case. Defendants also allege that plaintiff's inability to produce expert testimony is fatal to his claim for fraudulent misrepresentation. However, if plaintiff can prove the fraudulent misrepresentation and that the misrepresentation led

to the termination of employment, he need not have an expert witness to establish the causation between the misrepresentation and loss of his employment. Therefore, we will dismiss the motion for summary judgment on this issue and direct that the case proceed to trial on the theory of fraudulent misrepresentation only. Since plaintiff's counsel represented that he was abandoning his negligence cause of action against the defendants, we need not address this issue.

## ORDER

Now, July 13, 1993, upon consideration of defendants' motion for summary judgment, and after considering the briefs of counsel and oral argument, it is hereby ordered that the said motion for summary judgment is granted in part and denied in part for the reasons set forth in the accompanying opinion.

It is therefore ordered that this case shall proceed to trial on the allegation of fraudulent misrepresentation only.